JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-8519-KK-AGRx** | Date: | January 22, 2024 |
|---|---|---|---|
| Title | *United States of America, et al. v. Southern California Healthcare System, Inc., et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On September 11, 2020, plaintiff-relators Paul M. Foster, Annette Rayas, and Charles Harper (collectively, "Relators") filed a Complaint under seal against defendants Southern California Healthcare System, Inc., Alta Hospitals System, LLC, Prospect Medical Holdings, Inc., and Ernst R. von Schwarz (collectively, "Defendants"). ECF Docket No. ("Dkt.") 1, Complaint. The Complaint alleges, among others, violations of the False Claims Act, arising out of alleged false statements made by Defendants "in connection with kickbacks, services billed for but not provided, services performed by unlicensed and unqualified personnel, and services which were not medically necessary." Complaint ¶ 2. The action was brought under the qui tam provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733. See Complaint.

On September 11, 2020, Relators served the United States and State of California with a copy of the Complaint and the statement of material evidence so that the parties could determine whether it was in their best interest to intervene. See dkt. 7 at 2.

On May 23 and 31, 2023, the United States, State of California, and California Department of Insurance filed Notices of Election to Decline Intervention ("Notices") in the instant action. See dkts. 28, 30, 32, 33.

On September 18, 2023, the Court issued an Order unsealing the Complaint and Notices. Dkt. 34. Generally, absent a showing of good cause, if a defendant is not served within 90 days after the complaint is filed, the action must be dismissed without prejudice against that defendant. FED. R. CIV. P. 4(m). In this case, the Complaint was unsealed on September 18, 2023. Id. Relators were, therefore, required to serve the Summons and Complaint on Defendants no later than December 17, 2023.

On January 4, 2024, the Court issued an Order to Show Cause why the instant action should not be dismissed for failure to prosecute based on Relators' apparent failure to timely serve Defendants.[1] Dkt. 38. The Court, therefore, ordered Relators to show cause in writing on or before January 18, 2024 why this action should not be dismissed for lack of prosecution. Id. at 2. The Court expressly warned Relators that "**failure to timely file a response to this Order will result in this action being dismissed without prejudice . . . for failure to prosecute and comply with court orders.**" Id. (citing FED. R. CIV. P. 41(b)) (emphasis in original).

To date, Relators have not filed a response to the Court's January 4, 2024 Order to Show Cause or proofs of service demonstrating service of the Summons and Complaint on Defendants.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Relators have not responded to the Court's January 4, 2024 Order to Show Cause or filed proofs of service. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Relators do not intend to litigate this action diligently.

---

[1] The Court additionally noted Relators had failed to file a Joint Case Management Statement as required by the Court's November 22, 2023 Reassignment Order. See dkt. 38 and dkt. 37 at 2 (directing the parties to "file a Joint Case Management Statement within fifteen (15) days of the date of [the Reassignment Order]").

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Relators' responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Relators have not discharged this responsibility despite having been: (1) instructed on their responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkt. 38. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Relators' failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Relators' compliance with court orders or participation in this litigation. Relators have shown they are either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Relators have been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Relators about the possibility of dismissal, see dkt. 38.

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.

**IT IS SO ORDERED.**